19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ignacio COBOS, Plaintiff-Appellant,
v.
Gordon HUNTER; Kenneth Kunes, Defendants-Appellees.
 No. 93-35294.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 3, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ingnacio Cobos, a Washington state prisoner, appeals pro se the district court's order granting defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. Cobos contends that defendants violated his Eighth Amendment rights by (a) exercising deliberate indifference to his medical needs; (b) engaging in excessive physical violence in restraining him and escorting him to isolation; and (c) transferring him to isolation in retaliation for his medical grievances.[1] In addition, Cobos contends that the district court abused its discretion by granting summary judgment to defendants without allowing him to complete his discovery. We have jurisdiction under 28 U.S.C. Sec. 1291. With regard to Cobos' Eighth Amendment claims, we review de novo. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992). We review the discovery rulings for abuse of discretion. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Summary judgment is not appropriate if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing summary judgment cannot rest on conclusory allegations but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988).
 
 
 4
 To establish liability under Sec. 1983, the plaintiff must demonstrate that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 1. Eighth Amendment claims
 
 5
 (a) Deliberate indifference to medical needs
 
 
 6
 To show a violation of the Eighth Amendment, a prisoner must establish acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To determine deliberate indifference, the court must focus on the seriousness of the prisoner's medical needs and the nature of the defendant's response to those needs. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a medical mistreatment claim under Sec. 1983. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989). A mere delay in treatment does not constitute a violation of the Eighth Amendment unless the delay causes substantial harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 7
 During his incarceration at the Grant County jail, Cobos made repeated requests for narcotic medication to relieve the pain he was experiencing in his back, neck, chest and teeth. Although Cobos claims that the defendants were deliberately indifferent to his medical needs, a prison nurse, a prison doctor and a radiologist concluded over the next several days that his medical condition did not warrant additional medical treatment beyond a prescription of non-narcotic pain-killers (Ibuprofen) and sedatives (amitriptyline). Cobos failed to produce any evidence to support that defendants mistreated his condition or that he suffered any injury from their treatment. Thus, because Cobos was unable to offer anything more than conclusory allegations regarding a lack of medical treatment, let alone medical indifference, his Eighth Amendment claim is deficient. See Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059; Wood, 900 F.2d at 1335; Sanchez, 891 F.2d at 242.
 
 
 8
 (b) Use of excessive physical force
 
 
 9
 In order to determine whether prison officials used excessive physical force in violation of the Eighth Amendment, the core inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillan, 112 S.Ct. 995, 999 (1992); Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). To decide whether use of force was wanton and unnecessary, the court must examine the necessity of the force, the relationship between necessity and amount of force used, the threat reasonably perceived by the responsible officials and any efforts made to temper the severity of a forceful response. Hudson, 112 S.Ct. at 999.
 
 
 10
 Here, although Cobos made conclusory allegations that the defendants used excessive force when they dragged him to an isolation cell and when defendant Hunter kicked him in his pelvic area, he offers no evidence to support that defendants' actions were done maliciously or sadistically to cause harm. In fact, it is undisputed that Cobos was throwing books, food and other objects around the dormitory before defendants decided to remove him to isolation. It is also undisputed that he was clutching sharpened pencils in each hand when he told defendants that he "wasn't going" to the isolation cell. Defendants claim that Cobos kicked defendant Kunes in the face and struggled with defendant Hunter before they locked him in the cell. Moreover, Cobos offers no reason for refusing to accompany defendants, nor does he contest the decision to isolate him. Thus, because defendants could only restore order by restraining Cobos and escorting him to isolation, his claim that defendants use excessive force is deficient. See Hudson, 112 S.Ct. at 999; Wilson, 111 S.Ct. at 2324.
 
 
 11
 (c) Transfer to isolation cell
 
 
 12
 The Eighth Amendment prohibits punishment which involves the unnecessary and wanton infliction of pain, is grossly disproportionate to the severity of the crime or serves no justifiable penological interest. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). Isolating an inmate under circumstances that warrant discipline is not necessarily unconstitutional. Hutto v. Finney, 437 U.S. 678, 685 (1978).
 
 
 13
 Here, it is undisputed that on January 7, 1991 Cobos was throwing books, food and other objects around the prison dormitory. Consistent with jail policy, defendant Hunter decided to remove Cobos from the general population to an isolation area in order to eliminate the possibility of injury to Cobos or others. Moreover, it is undisputed that Cobos refused to cooperate with defendants and stated that he would have to be moved by force. Thus, because defendant's decision to isolate Cobos from the general population to isolation did not involve unnecessary pain, and served a justifiable penological interest, Cobos' Eighth Amendment claim for being placed in isolation lacks merit. See Rhodes v. Chapman, 452 U.S. 337, 346 (1981); Hutto v. Finney, 437 U.S. at 685.
 
 
 14
 Accordingly the district court did not err in granting defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. See Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 248; Taylor, 880 F.2d at 1045.
 
 2. Discovery claim
 
 15
 Summary judgment is disfavored where relevant evidence remains to be discovered. Klingele, 849 F.2d at 412. However, the burden is on the nonmoving party to show what material facts would be discovered that would preclude summary judgment. Id. Generally, a party opposing a motion for summary judgment on the ground that further discovery is necessary must file a motion requesting discovery pursuant to Fed.R.Civ.P. 56(f). See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986). The rule requires affidavits setting forth the particular facts expected from the movant's discovery. Id. A party must make clear what information he is seeking and how it would preclude summary judgment. Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir.1986). Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment. Brae Transp., Inc., 790 F.2d at 1443.
 
 
 16
 Here, nearly two months after defendants filed their motion for summary judgment, Cobos filed a "motion for extension of time" claiming that he "needs to obtain additional names of factual witness [sic] to testify regarding the documentary evidence that plaintiff will supply to defendants thru discovery and that plaintiff will file as exhibits with the court." Cobos failed to specifically name these witnesses, nor does he explain how they would assist in overcoming the defendants' motion for summary judgment. Thus, because Cobos failed to set forth the particular facts expected from his discovery, and did not make clear what information he sought and how it would preclude summary judgment, the district court did not abuse its discretion by granting summary judgment without allowing Cobos further discovery. See Fed.R.Civ.P. 56(f); Klingele, 849 F.2d at 412; Hall, 791 F.2d at 761; Brae Transp., Inc., 790 F.2d at 1443.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Cobos was a pretrial detainee, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment applies. Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); see also Cabrales v. County of Los Angeles, 864 F.2d 1454, 1461 n. 2 (9th Cir.1988). However, those Fourteenth Amendment rights are analogized to those available to convicted prisoners under the Eighth Amendment. See Bell, 441 U.S. at 535